## COX *v.* RAIDER.

1. SPECIFIC PERFORMANCE—EQUITY.
   Specific performance is not a matter of right.

2. SAME—ESTOPPEL.
   Where the contract purchaser of land, on inquiry, disclaims any interest in the land, and, in reliance thereon, a third person purchased it of the vendor as a part of a larger tract, which would be less valuable without the tract in question, specific performance is properly denied.

Appeal from Newaygo; Palmer, J. Submitted October 4, 1904. (Docket No. 101.) Decided November 29, 1904.

Bill by Nicholas Cox against John F. A. Raider and Neils Jensen to compel the specific performance of a land contract. From a decree dismissing the bill, complainant appeals. Affirmed.

*Grove & McDonald,* for complainant.

*W. D. Fuller,* for defendants.

MONTGOMERY, J. On the 12th day of October, 1900, the defendant Raider, being the owner of a tract of land in the village of Grant, Newaygo county, Mich., sold on contract to one Henry Caplin the lot in controversy in this suit. The size of said lot is 32 feet by 100 feet. The consideration was $200, payable $50 on delivery of said contract and $150 one year from the date of said contract, to wit, October 12, 1900. Caplin paid the $50 due on the delivery of the contract, went into possession of the lot, and built a store building thereon, which he occupied until it burned down. He made other payments on said contract until October 22, 1901, when there remained $100 of the purchase price unpaid, of which the time of payment was extended to October 11, 1902.

On the 18th day of January, 1903, Caplin assigned all his right and title to said contract to the complainant in consideration of the sum of $25, which complainant agreed to pay if he (complainant) got the lot and made anything out of it.   On March 31, 1903, the complainant paid to defendant Raider $125, which exceeded the amount due by more than enough to pay all the expenses of executing and making a conveyance according to contract, and asked him for a deed, and Raider said he could not give him a deed because he had assigned his interest in the contract, but received the $125, giving the following receipt:

"Received of Nicholas Cox $125 as custodian.   This money is intended (by Cox) to fulfill on a certain contract given to me by one Henry Caplin, but which I have some time since assigned to one Phillips.   As soon as it is legally decided who is now entitled to the deed for said land, the money shall apply, if in favor of Mr. Cox, otherwise I will refund the above amount."

On January 17, 1903, the defendant Raider sold by contract to one James A. Phillips a tract of land (of which the lot in controversy is about one-sixth part), describing the whole tract by metes and bounds, and specifying the following exception:

"Except a piece. off the southwest corner of lot four 32x100 feet sold to one Sanders, and any legal interest one Harry Caplin may legally claim under,certain contract to him which the above first party assigns to the above second party as part of this agreement."

This last-mentioned contract was assigned by Phillips to defendant Jensen on February 17, 1903.   Mr. Phillips and defendant Jensen went together when Phillips bought the land from Raider, and knew of Caplin's interest.   He knew of the exception in Phillips' contract.

On April 1, 1903—the next day after complainant paid defendant Raider the balance in full for the lot—the defendant Jensen caused written notice to be delivered to complainant that the defendant Raider had assigned his interest in said contract to him, and that he (Jensen) can-

celed the contract on account of nonfulfillment of the terms thereof. On the following day complainant notified the defendant Jensen that he had paid the balance on the contract in full to Raider, and on the 15th day of April, 1903, complainant tendered $125 to defendant Jensen as payment in full on said contract, and demanded from him a relinquishment and conveyance of all his right, title, and interest in and to said land contract. Jensen refused to accept the money, claiming that the contract was forfeited.

The bill of complaint sets forth the foregoing facts, and prays for specific performance of the contract. Defendant Jensen defends as assignee of the Phillips contract, and claims that before it was made Caplin stated to Phillips that he had given up his contract, and let the lot go back to Raider; and that Caplin made similar statements to him before he bought the land of Phillips and received an assignment of his contract. He further claims that he owned other land contiguous to the Phillips land, and took an assignment of the Phillips contract in the belief that Caplin had given up all rights under his contract. The Caplin lot fronts on a street, and partially obstructs passage therefrom to the remainder of the Phillips land, and he claims that he would not have purchased said land if he had supposed that the Caplin contract could be enforced as against him. For these reasons Jensen objected to the court granting the relief prayed for in the bill. The case was heard in open court, and a decree made dismissing the complainant's bill. The complainant appeals.

The testimony fairly establishes the following facts: After the purchase of the land Caplin erected a store building thereon, and conducted a merchandising business therein until the fall of 1901, when the building was destroyed by fire, and Caplin left the lot with the remains of the building thereon, and removed from the village, and engaged in the business of a traveling salesman. He failed to pay the taxes on the property and to make the payment of $100 October 11, 1902, as per the receipt given

him by Raider October 22, 1901. Under these conditions Phillips applied to Raider for the purchase on contract of the Caplin lot and of land in the rear of, and of a lot adjoining, the Caplin lot on the front, and, knowing that Caplin had a claim at one time to the lot in suit, went to him in company with one Davis, and asked him what interest he had in the lot, and Caplin told him that he had none; had all the use of it he wanted, and had let it go back to Raider. In reliance upon these acts and statements, Phillips contracted to purchase the land before mentioned for $500. He paid $100 down, and is to pay $200 in one year and $200 in two years, with 7 per cent. interest. The date of Phillips' contract is January 17, 1903.

Defendant Jensen owned land and buildings adjoining or near the Caplin lot, and desired to secure the land covered by the Phillips contract, and asked Caplin what interest he had in the lot, and was informed that he claimed none. In reliance upon this statement, Jensen paid Phillips what he had paid Raider, and took an assignment of the contract, dated February 17, 1903. He cleared off the remains of the building and performed some other work on the lot and upon the adjoining land covered by the Phillips contract. He claims it was worth $10. Jensen took all the possession he could of the land, and exercised acts of ownership over it.

There is an apparent equity in refusing specific performance in this case. The defendant has, in reliance upon the contract vendee's statements that he had abandoned the contract, changed his position, and has bought this lot as a portion of a larger tract, the remainder of which is made more valuable by his ownership of the lot in question.

The complainant contends that this defense is an attempt to establish the title to land by estoppel, and that the testimony was therefore incompetent. We do not think that the conclusion reached by the circuit judge need be rested upon estoppel. The remedy by specific performance is within the legal discretion of a court. Specific perform-

ance is not a matter of strict right. *Rust* v. *Conrad*, 47 Mich. 449; Fry on Specific Performance, § 44. And when the conduct of the contract purchaser has created conditions which render it inequitable for the court to interfere and specifically enforce the contract, there is no hardship in treating an abandonment as conclusive and in refusing to permit a retraction.

The result reached by the circuit judge accords with equity, and the decree is affirmed, with costs.

The other Justices concurred.